## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **OMEGA PSI PHI FRATERNITY, INC.,** | : | |
| | : | **JUDGE(S)** |
| **Plaintiff,** | : | |
| | : | **MAGISTRATE JUDGE(S)** |
| **v.** | : | |
| | : | |
| **OMEGA CLAVE EVENTS,** | : | **CIV. ACTION No. _____** |
| **BARRY ISRAEL,** | : | |
| **ABI CONCEPTS, LLC,** | : | |
| **VARIOUS JOHN & JANE DOES, and** | : | |
| **VARIOUS XYZ CORPORATIONS,** | : | |
| | : | |
| **Defendants.** | : | |

## VERIFIED COMPLAINT

Plaintiff Omega Psi Phi Fraternity, Inc. ("Omega" or "Plaintiff"), by and through undersigned counsel, for its Complaint against Defendants Omega Clave Events, Barry Israel, ABI Concepts, LLC, Various John and Jane Doe Defendants, and Various XYZ Corporations (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for federal trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and for trademark infringement and unfair competition under Ohio common law, arising from Defendants' unlawful use of counterfeit and infringing copies of Omega's registered and unregistered trademarks in connection with events falsely branded as Omega's official 85th Grand Conclave.

1

2.  As set forth below, Defendants' infringement is willful and deliberate and includes misuse of insider, member-only information by a current Omega member to promote and monetize unauthorized events falsely branded as Omega's official Grand Conclave.

3.  Defendants have deliberately copied the name, numbering, timing, location, and visual identity of Omega's official Grand Conclave, including the dominant elements of Omega's pending federal trademark application for the 85th Grand Conclave Cincinnati 2026 design mark, as well as Omega's unregistered but protectable marks "Conclave" and "Clave." Defendants' conduct constitutes the event-based equivalent of counterfeiting: the unauthorized offering, promotion, and sale of events that falsely purport to be authentic Omega-sanctioned Grand Conclave activities.

4.  Omega brings this action to (i) protect its reputation for producing, sponsoring, and controlling high-quality official events under its trademarks; (ii) prevent deception and confusion among Omega members and the consuming public as to the source, sponsorship, and authenticity of events offered in connection with the Grand Conclave; and (iii) avoid substantial and irreparable losses, including diverted attendance, lost event revenues, loss of control over Omega's marks, and damage to Omega's goodwill, none of which can be fully recovered through monetary damages alone.

5.  Defendants' infringing conduct is ongoing and timed to coincide precisely with Omega's official 85th Grand Conclave. Defendants are using counterfeit and infringing event branding to sell tickets, promote lodging and entertainment, and otherwise monetize the Grand Conclave period by falsely trading on Omega's trademarks and reputation. Such conduct threatens immediate and irreparable harm to Omega absent injunctive relief.

6. Omega is filing contemporaneously with this Verified Complaint a Motion for Temporary Restraining Order and expedited injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. Through that motion, Omega seeks to enjoin Defendants from continuing to promote, advertise, offer, or sell events using Omega's trademarks or confusingly similar designations, and to halt the ongoing dissemination of infringing promotional materials, websites, ticketing pages, and related records documenting Defendants' unlawful activities.

7. Omega further seeks preliminary and permanent injunctive relief barring Defendants from infringing Omega's registered and unregistered trademarks and from engaging in false designation of origin, counterfeiting, passing off, and unfair competition in connection with any events or services. Omega also seeks damages, disgorgement of Defendants' profits, costs, and attorneys' fees, as appropriate, under the Lanham Act and applicable Ohio law.

## PARTIES

8. Plaintiff Omega Psi Phi Fraternity, Inc. ("Omega") is a nonprofit fraternal corporation organized under the laws of the District of Columbia and exempt from federal income tax under 26 U.S.C. § 501(c)(7), with its principal place of business in Decatur, Georgia. Founded in 1911, Omega is an internationally recognized fraternal organization with chapters and members throughout the United States and abroad.

9. Defendant Omega Clave Events is an event-promotion brand and/or business name used in connection with the promotion and operation of the infringing events at issue, accessible at www.omegaclave.com and www.claveevents.com . Upon information and belief, Omega Clave Events is operated, controlled, and managed by Defendant Barry Israel through his affiliated entity ABI Concepts, LLC, and is not authorized by Omega.

10.     Defendant Barry Israel is an individual residing in or around Chicago, Illinois. Upon information and belief, Mr. Israel is a current member in good standing of Omega Psi Phi Fraternity, Inc. Mr. Israel owns, controls, and operates the infringing websites and event infrastructure described herein and has personally participated in the promotion, marketing, and monetization of unauthorized events falsely branded as Omega's "85th Grand Conclave."

11. Defendant ABI Concepts, LLC is an Illinois limited liability company with its principal address at 8638 S. Throop Street, Suite 1, Chicago, Illinois 60620. ABI Concepts, LLC is owned and managed by Defendant Barry Israel and is the registered owner and operator of the website www.omegaclave.com , which is used to manage bookings, event information, and ticket sales for the infringing events.

12.     Defendants Various John and Jane Does are individuals whose true names and capacities are presently unknown to Omega but who, upon information and belief, participated in, directed, authorized, controlled, financed, promoted, marketed, ticketed, and/or materially benefited from the infringing conduct alleged in this Complaint. Omega will amend this Complaint to substitute the true names and capacities of these individuals when ascertained.

13. Defendants Various XYZ Corporations are business entities of unknown legal form whose identities are presently unknown to Omega but who, upon information and belief, own, operate, control, host, promote, market, ticket, process payments for, provide lodging links or "hotel packages" for, and/or otherwise facilitate the infringing events, websites, ticketing pages, and related commercial activities described herein. Omega will amend this Complaint to substitute the true names and capacities of these entities when ascertained.

14. Upon information and belief, one or more Doe Defendants and/or XYZ Corporate Defendants are current or former Omega members or persons closely affiliated with Omega's

4

fraternity community and therefore possess insider knowledge of Omega's conclave event naming conventions, trademark usage policies, and member expectations—knowledge Defendants exploited to create a false appearance of affiliation while limiting public disclosures regarding their identities and roles.

15. Upon information and belief, Defendants' operations are tied to Chicago-based event promotion activity and/or organizing efforts reflected in Defendants' social media presence and marketing footprint.

16. At all relevant times, Defendants acted in active concert and participation with one another and with other persons and entities, and each Defendant is responsible for the acts of the others as part of a common scheme to misappropriate Omega's trademarks and goodwill.

## JURISDICTION AND VENUE

17. This Court has subject-matter jurisdiction over Omega's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

18. This Court has supplemental jurisdiction over Omega's related Ohio common-law claims for trademark infringement and unfair competition pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy as Omega's federal claims.

19. This Court has personal jurisdiction over Defendants because they have purposefully directed infringing conduct toward Ohio, including Cincinnati, by promoting, advertising, offering, and selling events branded as the "85th Grand Conclave" to Omega members and the public for events scheduled to occur in Cincinnati, Ohio.

20. Defendant Barry Israel, through ABI Concepts, LLC and Omega Clave Events, intentionally targeted Ohio by promoting and selling events scheduled to occur in Cincinnati

during Omega's official Grand Conclave and by transacting business with individuals traveling to Ohio for that event.

21. Defendants operate and/or control an interactive website, https://omegaclave.com , along with associated online ticketing pages and social media accounts, through which they intentionally target Omega members and attendees traveling to Cincinnati during Omega's official Grand Conclave. Defendants have used these channels to sell tickets, promote lodging and entertainment, and otherwise transact business with Ohio residents and persons traveling to Ohio.

22. Defendants' infringing acts were expressly aimed at this District and caused, and continue to cause, injury to Omega in Ohio, including consumer confusion, diversion of attendance and revenue, and loss of control over Omega's trademarks in connection with events occurring in Cincinnati.

23. This Court has personal jurisdiction over the Various John and Jane Does and Various XYZ Corporations because, upon information and belief, they acted in concert with Defendant Omega Clave Events and purposefully participated in or facilitated the infringing conduct directed at Ohio. Jurisdiction is proper over such Defendants under principles of agency, conspiracy, and active concert or participation.

24. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Omega's claims occurred in this District, including the promotion and sale of infringing events scheduled to take place in Cincinnati, Ohio.

25. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) and (c) because Defendants transact business in this District, are subject to personal jurisdiction here, and may be deemed to reside in this District for venue purposes.

## OMEGA'S INTELLECTUAL PROPERTY RIGHTS AND GOODWILL

26. Omega is the owner of a substantial, valuable, and long-standing portfolio of trademarks and service marks that identify Omega as the exclusive source of its official fraternity services, programs, events, and related activities. Omega's marks are used nationwide and internationally in connection with fraternity conferences, conventions, educational programming, entertainment events, and related goods and services.

27. Omega's trademarks include federally registered trademarks on the Principal Register, as well as long-standing unregistered marks that are protectable under federal and Ohio common law. Collectively, these marks embody over a century of goodwill, recognition, and consumer association with Omega as the source of official fraternity events and programming.

28. Among Omega's registered marks is the OMEGA PSI PHI FRATERNITY mark (U.S. Reg. No. 2,389,677, a copy of the registration attached hereto as Exhibit A), registered on the Principal Register for, inter alia, arranging and conducting educational conferences and entertainment events for fraternal members. This mark has been continuously used in commerce since at least 1914 and has been maintained through timely renewals and declarations of use.

29. Omega is also the owner of the OMEGA PSI PHI FRATERNITY GRAND CONCLAVE mark (U.S. Reg. No. 5,784,013, a copy of the registration attached hereto as Exhibit B), registered on the Principal Register for both goods and services, including organizing and conducting educational and entertainment activities and related fraternity events. This registration has been the subject of accepted Sections 8 and 15 declarations, rendering the mark incontestable under 15 U.S.C. §§ 1065 and 1115(b) for the goods and services covered therein.

30. Through these and other registrations, Omega enjoys the exclusive nationwide right to use its registered marks in commerce in connection with official fraternity events, including its Grand

Conclave, and to prevent others from using confusingly similar marks in a manner likely to cause confusion, mistake, or deception.

31. In addition to its registered marks, Omega owns strong common-law trademark rights in a family of marks incorporating the terms "Conclave" and "Clave" as used in connection with Omega's official national, regional, and local gatherings. Within Omega and among its members, alumni, vendors, and affiliates, the terms "Conclave" and "Clave" have acquired secondary meaning identifying Omega-sanctioned events and activities.

32. Omega's Grand Conclave is the fraternity's most significant national event and has been conducted for decades under Omega's exclusive control. Attendance at Omega's Grand Conclave routinely involves thousands of Omega members and guests, and the event is widely promoted through Omega's official channels, including websites, social media, and authorized ticketing platforms.

33. Omega has filed a pending federal trademark application for the "85th Grand Conclave Psi Theta Beta Iota Tau Xi Cincinnati, Ohio July 30–August 3, 2026" design mark (a copy of the application is attached hereto as Exhibit C), which incorporates distinctive visual elements, event-specific wording, and city-specific imagery associated with Omega's official 2026 Grand Conclave in Cincinnati, Ohio. Although this application is pending, Omega has already used the mark in commerce and asserts enforceable common-law rights therein.

34. The 85th Grand Conclave design is not ornamental or descriptive. It functions as a source-identifying mark, signaling to Omega members and the public that the event is officially sponsored, authorized, and controlled by Omega. The mark reflects Omega's established visual language and branding conventions used consistently across its official Grand Conclave events.

35. Omega maintains strict quality control over the use of its trademarks, including through formal trademark usage policies, licensing agreements, and enforcement actions. Omega authorizes only approved uses of its marks and closely monitors compliance to protect its reputation, goodwill, and the integrity of its official events.

36. Omega has a long history of actively enforcing its trademark rights, including through litigation, opposition proceedings, cease-and-desist efforts, and coordinated enforcement with authorized vendors. This enforcement history has reinforced public recognition of Omega's marks as identifying official, sanctioned Omega activities.

37. In addition to the marks expressly referenced herein, Omega owns numerous other federal trademark registrations and pending applications, as well as additional unregistered marks, slogans, designs, and insignia associated with its fraternity services and events. Omega expressly reserves all rights in those marks. Nothing in this Complaint should be construed as a waiver of Omega's right to assert claims based on any other trademark rights owned or controlled by Omega.

## FACTUAL BACKGROUND

### A. Omega's Grand Conclave and the 85th Grand Conclave in Cincinnati

38. Omega's Grand Conclave is the fraternity's principal national gathering and has been held on a recurring basis for decades. It is an official Omega-sanctioned event at which members participate in fraternity business, educational programming, social events, and entertainment activities.

39. Attendance at Omega's Grand Conclave routinely involves thousands of Omega members and guests from across the United States and abroad. Because of its size and importance, Omega exercises strict control over the branding, promotion, scheduling, and quality of all events associated with its Grand Conclave.

40. Omega's 85th Grand Conclave is scheduled to take place in Cincinnati, Ohio, during the period of July 30 through August 3, 2026. Omega has publicly announced the location and dates of the event and has begun promoting the Grand Conclave through its official channels.

41. In connection with the 85th Grand Conclave, Omega has developed and begun using a distinctive visual identity and event branding, including the 85th Grand Conclave design mark, which Omega has applied to register with the United States Patent and Trademark Office and has used in commerce to identify the official event.

42. Upon information and belief, the infringing website www.omegaclave.com is owned and operated by ABI Concepts, LLC and controlled by Barry Israel.

43. Below is a copy of the 85th Grand Conclave as promoted on the official Omega website[1] (the "Official Website"):



---

[1] Accessed on December 29, 2025 at https://oppf.org/slideshow/85th-grand-conclave-save-the-date/ .

### B. Defendants' Unauthorized Use of Omega's Event Identity

44. Without authorization from Omega, Defendants began promoting events branded as the "85th Grand Conclave" in Cincinnati, Ohio, timed to coincide precisely with Omega's official Grand Conclave.

45. Omega has never licensed, authorized, approved, or consented to Defendants' use of its trademarks, conclave branding, event naming conventions, or trade dress, and Defendants have never been authorized to act on Omega's behalf in connection with the Grand Conclave.

46. Defendants operate the website https://omegaclave.com , which prominently displays the phrase "85th Grand Conclave," references to Cincinnati, Ohio, and substantially identical dates corresponding to Omega's official event.

47. At all relevant times, Barry Israel acted as the principal decision-maker and operational controller of Omega Clave Events and ABI Concepts, LLC with respect to the infringing conduct.

48. Below is a copy of the infringing website's page (the "Infringing Website")[2]:



---

[2] Accessed on December 29, 2025 at https://omegaclave.com/ .

49. Defendants' website and related promotional materials incorporate visual elements that closely mirror Omega's official Grand Conclave branding, including the use of suspension-bridge imagery and the Cincinnati skyline as dominant design features.

50. The Official Website image reflects Omega's official, sanctioned branding for the 85th Grand Conclave. It prominently displays the phrase "85th Grand Conclave" centered within a large, shield-style emblem. The design incorporates purple and gold color schemes, a suspension bridge, and a Cincinnati city skyline as dominant visual elements. The words "Cincinnati, Ohio" appear directly beneath the event title, and the overall layout conveys an official, authoritative presentation associated with Omega's national event. The design is presented on Omega's official website and appears in connection with a "Save the Date" announcement for the Grand Conclave.

51. The Infringing Website image reflects Defendants' infringing use of substantially the same branding elements. Defendants' website likewise centers the phrase "85th Grand Conclave", followed by "Cincinnati" and substantially identical event dates. The infringing image uses the same purple and gold color palette, a suspension bridge motif, and a Cincinnati skyline backdrop, creating an overall commercial impression that closely mirrors Omega's official design. The layout, typography emphasis, and visual hierarchy are nearly identical, presenting Defendants' events as part of the same Grand Conclave experience.

52. In both images, the event title, host city, timing, and signature Cincinnati imagery are combined in a manner that signals an official Grand Conclave event. The overall look and feel of the two images are strikingly similar, such that an ordinary consumer—particularly an Omega member or conclave attendee—would reasonably believe that Defendants' website and events are authorized, sponsored by, or affiliated with Omega's official 85th Grand Conclave, when they are not.

53. Through this branding, Defendants created the false impression that their events are part of, affiliated with, sponsored by, or otherwise officially connected to Omega's Grand Conclave.

### C. Ticket Sales, Promotion, and Monetization

54. Defendants market, promote, and sell tickets under the direction and control of Barry Israel and ABI Concepts, LLC to their infringing events through third-party online ticketing platforms, including Ticket Falcon at https://www.ticketfalcon.com/op/omegaclaveevents/, and through social media channels directed specifically at Omega members and individuals traveling to Cincinnati for Omega's official Grand Conclave.

55. Upon information and belief, ABI Concepts, LLC receives, processes, or controls revenues derived from ticket sales and related transactions for the infringing events.

56. On their Ticket Falcon organizer profile and event listings, Defendants expressly describe themselves as an event brand focused on "Grand Conclave experiences" and represent that their events are designed for Omega Psi Phi members, fraternity families, and conclave attendees. Defendants further promote their offerings as curated, multi-day entertainment experiences occurring during the Grand Conclave timeframe and in the same host city as Omega's official event.

57. Defendants' Ticket Falcon listings include numerous events branded with "Conclave," "Cincinnati Conclave," and "Grand Conclave" terminology, scheduled during the precise dates of Omega's official 85th Grand Conclave and held at prominent Cincinnati venues, including hotels and locations associated with Omega's official programming.

58. Defendants promote their activities as an integrated "Conclave weekend" experience, offering multiple themed nightlife events, rooftop receptions, brunches, cigar lounges, and hotel-

adjacent programming designed to capture attendees traveling to Cincinnati for Omega's Grand Conclave.

59. Through this conduct, Defendants intentionally position their events as part of the overall Grand Conclave experience, thereby diverting attendance, revenue, sponsorship opportunities, and goodwill from Omega's official events and interfering with Omega's ability to control the quality, reputation, and messaging associated with its trademarks.

### D. False Claims of Official Status, Partnerships, and Lodging Control

60. Defendants' website and social media posts falsely represent that Defendants control or are officially affiliated with lodging and accommodations for the 85th Grand Conclave. Defendants state that hotel rooms for the event can "ONLY be booked" through Defendants' website and refer to purported "official partners," "official home," and exclusive hotel arrangements in downtown Cincinnati.

61. These representations are false and misleading. Omega has not authorized Defendants to act as official lodging coordinators, partners, or affiliates for the 85th Grand Conclave, nor has Omega granted Defendants any authority to control hotel inventory or accommodations associated with the event.

62. Defendants' false claims of exclusivity and official partnership are designed to cause Omega members and the public to believe that Defendants' offerings are sanctioned, endorsed, or approved by Omega, when they are not.

### E. Knowledge of Omega's Rights and Willful Conduct

63. Defendants' infringement is not accidental. Defendants included disclaimers on certain ticketing pages stating that their events are "not affiliated" with Omega.

14

64. Defendant Barry Israel's status as a member of Omega provided him access to non-public, member-only information regarding Omega's Grand Conclave naming conventions, event structure, and member expectations. Defendants exploited that insider knowledge to design and promote events that would appear authentic to Omega members while falsely suggesting official affiliation.

65. The inclusion of such disclaimers demonstrates Defendants' actual knowledge of Omega's trademark rights and the likelihood that consumers would otherwise believe the events to be officially affiliated with Omega.

66. Defendants nevertheless continued to use Omega's event name, timing, location, and branding, attempting to profit from Omega's goodwill while minimizing perceived legal risk.

67. Defendants' conduct violates Omega's published trademark usage policies, which prohibit unauthorized use of Omega's marks and confusingly similar branding in connection with events, promotions, or ticket sales.

## F. Insider Knowledge and Concealment

68. Upon information and belief, one or more of the Defendants are current or former Omega members or individuals closely affiliated with Omega's fraternity community.

69. Through that affiliation, Defendants possessed insider knowledge of Omega's conclave naming conventions, event structure, branding practices, and member expectations.

70. Defendants exploited that knowledge to design events and branding that would appear authentic to Omega members while limiting public disclosures regarding their identities and roles through the use of generic entity names and limited public disclosures.

71. Upon information and belief, Defendants' operations are tied to Chicago-based Greek-event promotion activity, further evidencing coordinated planning and intentional infringement.

### G. Irreparable Harm to Omega

72. Defendants' unauthorized use of Omega's trademarks has caused and will continue to cause irreparable harm to Omega, including loss of control over its trademarks, damage to Omega's reputation, erosion of goodwill, and confusion among Omega members and the consuming public.

73. Because Defendants' conduct is ongoing and timed to coincide with Omega's official Grand Conclave, immediate injunctive relief is necessary to prevent further harm.

### LIKELIHOOD OF CONFUSION

74. Omega's claims arise under Sixth Circuit law, which evaluates likelihood of confusion by reference to the factors articulated in *Frisch's Rests., Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642 (6th Cir. 1982). Each of those factors strongly favors Omega.

75. Omega's trademarks are strong and distinctive. Omega has used its trademarks continuously for decades in connection with its official fraternity events, including its Grand Conclave, which is the most significant national gathering of Omega members. Through long-standing use, promotion, enforcement, and quality control, Omega's marks have acquired significant goodwill and are widely recognized as identifying events that are authorized, sponsored, and controlled by Omega. The branding associated with Omega's Grand Conclave is uniquely associated with Omega and carries substantial source-identifying significance within the fraternity community.

76. The similarity between Omega's marks and Defendants' use is overwhelming. Defendants did not merely adopt similar terminology; they copied the dominant textual and visual elements of Omega's official Grand Conclave branding. Defendants use the identical phrase "85th Grand Conclave," reference the same host city, employ substantially identical dates, and incorporate

16

Cincinnati skyline and bridge imagery that closely mirrors Omega's official event design. The overall commercial impression created by Defendants' branding is that of an official Omega Grand Conclave event.

77. The side-by-side comparison of Omega's official 85th Grand Conclave branding and Defendants' infringing website demonstrates overwhelming similarity. Omega's sanctioned image prominently displays the phrase "85th Grand Conclave" in bold, centralized lettering, combined with purple-and-gold coloring, a suspension bridge motif, and the Cincinnati skyline to signal Omega's official national event. Defendants' image replicates these same dominant elements, likewise centering "85th Grand Conclave," referencing Cincinnati, using substantially identical dates, and employing the same purple-and-gold palette and Cincinnati bridge-and-skyline imagery. The overall layout, visual hierarchy, and commercial impression of Defendants' branding closely mirror Omega's official design, such that an ordinary consumer—particularly an Omega member or conclave attendee—would reasonably believe Defendants' events are authorized, sponsored by, or affiliated with Omega's official 85th Grand Conclave, when they are not.

78. The parties' services are identical and directly competitive. Both Omega and Defendants purport to offer events, entertainment, lodging-related programming, and related experiences to Omega members and guests traveling to Cincinnati during the Grand Conclave timeframe. Defendants' events are intentionally scheduled to coincide with Omega's official Grand Conclave and are marketed as part of the same overall experience.

79. The marketing channels used by Omega and Defendants are the same. Both use websites, social media platforms, and online ticketing services to reach Omega members and conclave attendees. Defendants' operation of the website omegaclave.com, combined with targeted social

17

media promotion and third-party ticketing platforms, places Defendants' infringing offerings squarely in the same channels Omega uses to promote its official events.

80. The degree of purchaser care does not mitigate confusion. Even sophisticated consumers are unlikely to scrutinize disclaimers or investigate legitimacy when presented with official-looking Grand Conclave branding, particularly where the events occur in the correct city, during the correct dates, and use Omega's established terminology. Initial-interest confusion is especially likely in this context.

81. Defendants acted with intent to cause confusion. Defendants' selective avoidance of certain Omega marks while continuing to use "85th Grand Conclave," "Conclave," and "Clave," coupled with their inclusion of disclaimers acknowledging non-affiliation, demonstrates actual knowledge of Omega's rights and a deliberate attempt to trade on Omega's goodwill while minimizing perceived legal exposure. Under Sixth Circuit law, such intentional copying gives rise to a presumption of likelihood of confusion.

82. Defendants' conduct is ongoing and expanding, encompassing ticket sales, hotel-related offerings, sponsorship solicitations, and multiple events tied to Omega's Grand Conclave, further increasing confusion and irreparable harm.

## COUNT I

### Federal Trademark Infringement

### (15 U.S.C. § 1114)

83. Omega incorporates by reference all preceding paragraphs as if fully set forth herein.

84. Omega is the owner of valid, subsisting, and enforceable federal trademark registrations on the Principal Register, including registrations for OMEGA PSI PHI FRATERNITY and OMEGA PSI PHI FRATERNITY GRAND CONCLAVE (attached hereto), covering, inter alia,

the organization, promotion, and conduct of fraternity conferences, conventions, and entertainment events.

85. These registrations are entitled to nationwide protection under the Lanham Act, and at least one of Omega's GRAND CONCLAVE registrations has achieved incontestable status pursuant to 15 U.S.C. §§ 1065 and 1115(b).

86. Defendants, including Barry Israel and ABI Concepts, LLC, without Omega's authorization or consent, have used in interstate commerce marks that are identical or confusingly similar to Omega's registered GRAND CONCLAVE marks in connection with identical or closely related services, including the promotion, advertising, offering, and sale of events, entertainment, and related experiences directed to Omega members and Grand Conclave attendees.

87. Defendants' use includes repeated and prominent use of the terms "Grand Conclave," "85th Grand Conclave," "Conclave Weekend," and similar variations in connection with event services occurring during Omega's official Grand Conclave timeframe and in the same host city.

88. Defendants' unauthorized use of Omega's registered marks is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendants' events, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

89. Defendants acted willfully and with actual knowledge of Omega's trademark rights, as evidenced by their familiarity with Omega's conclave terminology, their selective avoidance of certain Omega marks, and their inclusion of disclaimers acknowledging the lack of affiliation while continuing to exploit Omega's registered marks.

90. As a direct and proximate result of Defendants' infringement, Omega has suffered and will continue to suffer irreparable harm to its goodwill, reputation, and ability to control its trademarks, for which there is no adequate remedy at law.

## COUNT II

### False Designation of Origin, False Endorsement, and Unfair Competition

### (15 U.S.C. § 1125(a))

91. Omega incorporates by reference all preceding paragraphs as if fully set forth herein.

92. Omega owns valid and enforceable trademark rights under federal common law in unregistered marks and trade dress associated with its official Grand Conclave, including the terms "Conclave," "Clave," "85th Grand Conclave," and the distinctive visual identity and overall commercial impression used to promote Omega's official event.

93. Defendants, including Barry Israel and ABI Concepts, LLC, have used in commerce words, names, symbols, designs, and combinations thereof that are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Omega, and as to the origin, sponsorship, or approval of Defendants' events.

94. Defendants' conduct includes adopting Omega's conclave terminology, event numbering, city-specific branding, dates, timing, and visual presentation, and embedding those elements into websites, ticketing platforms, social media, and promotional materials to falsely suggest that Defendants' events are part of, affiliated with, or endorsed by Omega.

95. Defendants' unauthorized use of Omega's conclave branding and trade dress constitutes false designation of origin, false endorsement, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

96. Defendants' conduct is likely to deceive a substantial segment of the relevant public, including Omega members and conclave attendees, into believing that Defendants' events are sponsored, approved, or affiliated with Omega, when they are not.

97. Defendants acted knowingly and in bad faith, intending to trade on Omega's goodwill and reputation while attempting to avoid liability through the use of disclaimers, and Omega has suffered and will continue to suffer irreparable harm as a result.

## COUNT III

### Ohio Common-Law Trademark Infringement

98. Omega incorporates by reference all preceding paragraphs as if fully set forth herein.

99. Under Ohio law, Omega owns valid and enforceable common-law trademark rights in its conclave-related marks, including "Conclave," "Clave," "Grand Conclave," and the associated event branding, which have acquired secondary meaning through long-standing, continuous, and exclusive use.

100. Defendants' unauthorized use of identical or confusingly similar marks in Ohio in connection with event services is likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of Defendants' events.

101. Defendants' conduct constitutes trademark infringement under Ohio common law and has caused, and will continue to cause, damage to Omega's goodwill, reputation, and brand integrity in Ohio.

## COUNT IV

### Ohio Common-Law Unfair Competition and Passing Off

102. Omega incorporates by reference all preceding paragraphs as if fully set forth herein.

103. Defendants, including Barry Israel and ABI Concepts, LLC, have engaged in unfair competition by passing off their events as affiliated with, sponsored by, endorsed by, or connected

to Omega's official Grand Conclave, thereby misleading consumers and misappropriating Omega's goodwill.

104.     Defendants' conduct violates the fundamental principles of honesty and fair dealing underlying Ohio unfair competition law and has caused, and will continue to cause, actual and imminent harm to Omega.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Omega Psi Phi Fraternity, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants Omega Clave Events, Barry Israel, ABI Concepts, LLC, Various John and Jane Does, and Various XYZ Corporations, and grant the following relief:

### A. Temporary, Preliminary, and Permanent Injunctive Relief

That the Court issue a temporary restraining order, followed by a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, enjoining Defendants and all persons acting in concert or participation with them from:

1.  Using, displaying, promoting, or otherwise exploiting any of Omega's registered trademarks, including OMEGA PSI PHI FRATERNITY and GRAND CONCLAVE, or any confusingly similar variations thereof;

2.  Using the terms "Grand Conclave," "Conclave," "Clave," "85th Grand Conclave," or any confusingly similar designation in connection with the promotion, advertising, offering, or sale of events, entertainment, lodging-related services, sponsorships, or related experiences not authorized by Omega;

3.  Representing, directly or indirectly, that Defendants or their events are sponsored by, affiliated with, endorsed by, approved by, or otherwise connected to Omega;

4.   Using any trade dress, visual identity, event branding, imagery, or overall commercial impression that is confusingly similar to Omega's official Grand Conclave branding;

5.   Making false or misleading claims of official status, partnership, exclusivity, or control over hotels, lodging accommodations, sponsorships, or conclave-related programming;

6.   Operating or maintaining the website https://omegaclave.com , or any other domain name, social media account, ticketing page, or online presence that incorporates Omega's trademarks or creates a likelihood of confusion as to affiliation with Omega;

7.   Continuing any conduct that constitutes trademark infringement, false designation of origin, unfair competition, counterfeiting-style passing off, or misappropriation of Omega's goodwill;

8.   Enjoining Defendant Barry Israel from directly or indirectly participating in, assisting, or facilitating any infringing conduct, including through any successor entities, aliases, or newly formed companies.

## B. Domain Name Transfer

That Defendants be ordered to transfer ownership and control of the domain name https://omegaclave.com and any confusingly similar domain names to Omega.

## C. Corrective Action and Destruction

That Defendants be ordered to remove, delete, disable, and permanently cease use of all infringing materials, including websites, social media posts, advertisements, ticketing listings, sponsorship solicitations, promotional graphics, and other materials bearing Omega's trademarks or confusingly similar designations.

## D. Accounting and Monetary Relief

That Omega be awarded:

1. Defendants' profits derived from the infringing conduct;

2. Omega's actual damages;

3. Statutory and/or enhanced damages as permitted by law;

4. Pre-judgment and post-judgment interest;

all pursuant to 15 U.S.C. § 1117 and applicable Ohio law.

### E. Attorneys' Fees and Costs

That Omega be awarded its reasonable attorneys' fees and costs incurred in this action, including investigative costs, pursuant to 15 U.S.C. § 1117(a) and Ohio law, based on Defendants' willful and bad-faith conduct.

### F. Expedited Discovery

That Omega be permitted to conduct expedited discovery for the limited purpose of identifying the Various John and Jane Does and Various XYZ Corporations responsible for the infringing conduct, including discovery directed to website hosts, ticketing platforms, payment processors, and social media providers.

### G. Other Relief

That the Court award such other and further relief as it deems just and equitable.

### <u>JURY DEMAND</u>

Plaintiff Omega Psi Phi Fraternity, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Heather Renée Adams*
HEATHER RENÉE ADAMS
Email: HRAdams@ralaw.com

SCOTT BROWN
Email: SGBrown@ralaw.com

GREG MELICK
Email: gmelick@ralaw.com

Roetzel & Andress, A Legal Professional Association
Columbus, Ohio
41 South High Street
Huntington Center, 21st Floor
Columbus, OH 43215
Phone Number: (614) 463-9770

**Counsel for Plaintiff**

-and-

CLEMENT OSIMETHA
Email: cosimetha@fultonjeang.com

VALERIE YANAROS
Email: vyanaros@fultonjeang.com

Fulton Jeang PLLC
17766 Preston Road, Suite 106
Dallas, Texas 75252
Telephone: (512) 826-7553

**Of Counsel**

## **VERIFICATION**

I, _John Howard_, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am authorized to act on behalf of Plaintiff Omega Psi Phi Fraternity, Inc., that I have read the foregoing Verified Complaint, and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on this _8_ day of _January_, 2026.

_John F. Howard_

Mr. John Howard

Executive Director

Omega Psi Phi Fraternity, Inc.

VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT