## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

OMEGA PSI PHI FRATERNITY,
INC.,

              Plaintiff,                        Case No. 1:26-cv-31

         v.                             JUDGE DOUGLAS R. COLE

OMEGA CLAVE EVENTS, et al.,

              Defendants.

## OPINION AND ORDER

Plaintiff Omega Psi Phi Fraternity, Inc. sued Defendants Omega Clave Events and Barry Israel over trademark violations related to Omega Psi Phi's Grand Conclave event. (Doc. 1). On February 23, 2026, the Court held a settlement conference where the parties agreed to the material terms of a settlement. (2/23/26 Min. Entry). A month later, on March 23, the parties submitted a proposed permanent restraining order to the Court via email. Upon review, the Court **GRANTS** the Permanent Injunction and **ORDERS** the following relief.

### A.    THE PARTIES' STIPULATIONS

1.    The Court has jurisdiction over this action, which arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and Ohio common law.

2.    The Verified Complaint alleges that Defendants deliberately infringed upon Plaintiff's trademark rights by falsely trading on Omega Psi Phi's trademarks, trade dress, color marks, design marks, non-verbal identifiers, slogans, reputation,

and other identifying marks, and confusingly similar marks or source identifiers, in violation of the Lanham Act and Ohio common law.

3. Plaintiff Omega Psi Phi Fraternity, Inc., alleges it is a nonprofit fraternal corporation organized under the laws of the District of Columbia and exempt from federal income tax under 26 U.S.C. § 501(c)(7), with its principal place of business in Decatur, Georgia. Founded in 1911, Omega Psi Phi is an internationally recognized fraternal organization with chapters and members throughout the United States and abroad.

4. Defendant Barry Isreal is an individual residing in or around Chicago, Illinois. Upon information and belief, Isreal is a current member in good standing of Omega Psi Phi Fraternity, Inc. Beyond that, Isreal owns, controls, and operates the infringing websites and event infrastructure described herein and has personally participated in the promotion, marketing, and monetization of unauthorized events falsely branded as Omega Psi Phi's "85th Grand Conclave."

5. Defendant ABI Concepts, LLC, is an Illinois limited liability company with its principal address at 8638 S. Throop Street, Suite 1, Chicago, Illinois 60620. ABI Concepts, LLC is owned and managed by Defendant Barry Isreal and is the registered owner and operator of the website www.omegaclave.com, which is used to manage bookings, event information, and ticket sales for the infringing events.

6. Plaintiff alleges, among other things, that Defendants deliberately copied the name, numbering, timing, location, and visual identity of Omega Psi Phi's official Grand Conclave, including the dominant elements of Omega's pending federal

trademark application for the 85th Grand Conclave Cincinnati 2026 design mark, as well as Omega's unregistered but protectable marks "Conclave" and "Clave." Defendants' conduct constitutes the event-based equivalent of counterfeiting: the unauthorized offering, promotion, and sale of events that falsely purport to be authentic Omega Psi Phi-sanctioned Grand Conclave activities.

7. In settlement and compromise of the claims raised in the above-captioned lawsuit, the Parties have jointly moved the Court to enter this Permanent Injunction and Order.

8. The Defendants have: (1) consented to the Court's jurisdiction; (2) agreed to the entry of this Judgment without further notice; (3) waived findings of fact and conclusions of law; and (4) waived any right to appeal from this Order.

## B.    PERMANENT INJUNCTION

The parties have stipulated to the following injunction, and the Court finds that agreed-upon relief is appropriate.

### 1.    No Marketing or Exploitation of Protected Trademarks, Trade Dress, Color Marks, Design Marks, Non-Verbal Identifiers, Slogans and Other Source Identifiers.

Defendants Omega Clave Events, Barry Isreal, and ABI Concepts, LLC, and each of their officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with them who receive notice of this Permanent Injunction and Order are **PERMANENTLY RESTRAINED** and **ENJOINED** from the following:

a.  Directly or indirectly using, displaying, advertising, marketing, selling, or otherwise exploiting Plaintiff's trademarks, and confusingly similar marks and source identifiers, including but not limited to:

- "OMEGA"
- "OMEGA PSI PHI FRATERNITY GRAND CONCLAVE"
- "OMEGA PSI PHI FRATERNITY"
- "Ω"
- "Ω Ψ Φ"
- "Grand Conclave"
- "Conclave" when used in connection with or in reference to the Omega Psi Phi Fraternity 85th Grand Conclave
- "Clave" when used in connection with or in reference to the Omega Psi Phi Fraternity 85th Grand Conclave
- "Omega Psi Phi"
- "Omega Psi Phi Fraternity"
- "Omega Psi Phi Fraternity, Inc."

b.  Directly or indirectly using, displaying, advertising, marketing, selling, or otherwise exploiting Plaintiff's distinctive design marks, logos, non-verbal brand identifiers, and other confusingly similar marks and source identifiers, including but not limited to:

- Lamp


- Shield and/or Crest


- "Throwing Hooks"


- Lightning Bolt


- Gold Boots


- Bulldog

4

- The Cardinal Principles



- Any of the past, current, or future Official Grand Conclave Logos



c.  Directly or indirectly using, displaying, advertising, marketing, selling, or otherwise taking advantage of the Plaintiff's distinctive color marks, trade dress, and other confusingly similar marks and source identifiers, including but not limited to, the colors purple and gold when used in a non-functional way that gives them a secondary meaning as the main design element of a website or promotional materials and is generally recognized as being associated with the Omega Psi Phi Fraternity.

d.  Directly or indirectly using, displaying, advertising, marketing, selling, or otherwise exploiting Plaintiff's distinctive acronyms, mottos, slogans, brand names, fraternity-related identifiers, and other confusingly similar marks and source identifiers, including but not limited to:

- "BRUHZ" / The "BRUHZ"
- District names and District marks
- "Friendship is Essential to the Soul"
- "FIETTS"
- Fraternity chapter names and chapter marks
- "Oil"
- "Omega Oil"
- Omega Psi Phi's founding year: 1911
- "QUES" / "The QUES"
- "QUETTE"
- "The Oracle"
- "OWT"
- "The Cardinal Principles: Manhood, Scholarship, Perseverance, or Uplift"
- Omega thunder and/or lightning
- "Sons of Blood and Thunder"

5

- "SOBAT"

e. Using any of Omega Psi Phi's trademarks, trade dress, color marks, design marks, non-verbal identifiers, slogans, and other confusingly similar marks and source identifiers in Defendants' business logos and promotional and other material.

**2. Website Disablement, Online Takedown and Domain Transfer.**

a. Defendants Omega Clave Events, Barry Isreal, and ABI Concepts, LLC, and each of their officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with them who receive notice of this Permanent Injunction and Order are **PERMANENTLY RESTRAINED** and **ENJOINED** from operating, maintaining, or using the websites located at omegaclave.com, and any other website, landing page, or online platform that uses Plaintiff's trademarks or other confusingly similar marks, source identifiers, designations in connection with events associated with Plaintiff's Grand Conclave.

b. Defendants shall immediately remove or disable all infringing content from such websites and online platforms, including event listings, ticket sales pages, advertisements, and promotional materials.

c. Defendants, at their own cost, shall immediately transfer domain ownership to Plaintiff.

**3. Required Disclosures.**

a. Defendants shall, within 7 days of this Order's entry, provide Plaintiff with the names and contact details, including email addresses and phone numbers,

6

if available, of everyone who registered for their events or booked a room in their hotel block, regardless of whether the booking or registration was made directly or via a third-party platform.

b.      Defendants shall, within 7 days of the entry of this Order, prepare a draft email for Plaintiff's review that explicitly states that Defendants and their events are not authorized by, sponsored by, or affiliated with Omega Psi Phi Fraternity, Inc., or the Omega Psi Phi Grand Conclave. The draft email will state that any previous representations concerning affiliation were incorrect, and recipients are advised to disregard such statements formerly made by Defendants.

The email communication must include clear, unambiguous instructions for individuals wishing to request a cash refund if upon receiving the approved email they choose not to attend Defendants' events or opt to cancel hotel reservations without penalty. Refunds and hotel cancellations are to be processed within 14 days following any cancellation request. The email communication may include information about Defendants' independent websites, where details regarding their unaffiliated events can be accessed.

Once Plaintiff approves the email, Defendants must send it to everyone who registered for their events or booked a room in their hotel block, whether directly or through a third-party platform. Defendants must include an authorized representative of Omega Psi Phi as a blind carbon copy (BCC) on the approved email communication when it is sent.

7

c.      If Plaintiff publishes material mentioning www.omegaclave.com, it will identify Defendant Barry Isreal as its creator.

### 4.    Liquidated Damages.

Defendants shall, within thirty (30) days of the entry of this order, remit payment to Plaintiff in the amount of $2,500 as liquidated damages. The liquidated damages are intended to compensate Plaintiff for losses sustained due to Defendants' actions.

### 5.    The Court's Jurisdiction.

The Court shall maintain ongoing jurisdiction over this matter to enforce and administer the provisions of this Permanent Injunction and Order. The Court expressly reserves the right to interpret, amend, or supplement this Permanent Injunction and Order as required to fulfill their purpose and resolve any disputes that may arise under its terms. Additionally, the Court retains the authority to hold Defendants in contempt and to impose appropriate sanctions, including but not limited to monetary penalties or other equitable relief, should any provision of this Permanent Injunction Order be violated.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Joint Permanent Restraining Order. Therefore, the Court **DIRECTS** the Clerk to **TERMINATE** this case on its docket.

**SO ORDERED.**


March 24, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**